FILED
DISTRICT OF NEBRASKA
AT_____M

FEB 6 1990

Norbert H. Ebel, Clerk
By_____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CR88-L-33(08) |
| Plaintiff, | ) | |
| | ) | JUDGMENT AND |
| vs. | ) | COMMITMENT ORDER |
| | ) | UNDER SENTENCING REFORM ACT OF 1984 |
| CEDRIC PAYNE, | ) | |
| | ) | |
| Defendant. | ) | |

On February 6, 1990, in the presence of the attorney for the government, the defendant appeared in person with counsel, Gerald L. Soucie.

DEFENDANT was found guilty on Counts I, XII, XIII, XIV and XV after a plea of not guilty.

Accordingly, the defendant is adjudged guilty of such counts which involves the following offenses:

| Title & Section | Nature of Offense | Count Number |
|---|---|---|
| 21 USC 846 | Conspiracy to distribute and to possess with intent to distribute cocaine, a Schedule II controlled substance | I |
| 21 USC 846(a)(1) | Distribution of cocaine | XII,XIII,XIV |
| 21 USC 846(a)(1) | Possession with intent to distribute cocaine | XV |

The defendant has been found not guilty on Counts II through XI, inclusive, and is discharged as to such counts.

IMPRISONMENT

As to Counts I, XII, XIII, XIV and XV, the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of thirty (30) months under 18 USC 3621 and 3624, said terms to run concurrently.

The court makes the following recommendations to the Bureau of Prisons: That the defendant be incarcerated at either FPC Yankton or FPC Leavenworth.

The defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years under 18 USC 3583.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court as follows:

## STANDARD CONDITIONS OF SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this Judgment, defendant:

1. Shall not commit another federal, state or local crime;

2. shall not leave the judicial district or other specified geographic area without the permission of the court or probation officer;

3. shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

4. shall answer truthfully to any inquiries by the probation officer and follow the instructions of the probation officer;

5. shall support his or her dependents and meet other family responsibilities;

6. shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

7. shall notify the probation officer prior to any change in residence or employment;

8. shall not frequent places where controlled substances are illegally sold, used, distributed, or administered, or other places specified by the court;

9. shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. shall permit a probation officer to visit at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12. shall not enter into any agreement to act as an informer or special agent of a law enforcement agency without the permission of the court;

423

13. shall, as directed by the probation officer, notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notification and to confirm the defendant's compliance with such notification requirement;

14. shall not possess or control any firearms or ammunition.

Defendant shall comply with the following additional conditions:

SPECIAL CONDITIONS OF SUPERVISED RELEASE

1. Defendant shall not use or possess alcoholic beverages or controlled substances during the entire period of supervised release except those medicines prescribed by a physician.

2. Defendant shall submit to chemical testing at the request of the supervising probation officer to detect the presence of alcohol or controlled substance in the defendant's body fluid.

3. Defendant shall be subject to any reasonable search of the defendant's premises, vehicle or person, day or night, with or without a warrant, at the request of the supervising probation officer to determine the presence of alcoholic beverage or controlled substances and seizure of alcoholic beverages or controlled substances found there.  The probation officer may invoke this with or without the cooperation of law enforcement officers.

4. Defendant shall attend and successfully complete any counseling or treatment for alcohol abuse/mental health program as deemed appropriate by the supervising probation officer.

5. Defendant shall perform 100 hours of volunteer unpaid community service on a schedule to be determined by the U. S. Probation Officer.

6. Defendant shall pay 1/7 of the costs of prosecution if not paid earlier as required hereafter in this judgment.

7. Defendant shall pay to the United States a special assessment as required by 18 USC 3013 in the amount of $250.00 if not paid earlier as required hereafter in this judgment.

IT IS FURTHER ORDERED that the defendant shall pay 1/7 of the costs of prosecution, payable immediately upon taxation.

IT IS FURTHER ORDERED that the defendant shall pay to the United States a special assessment as required by 18 USC 3013 in the amount of $250.00 which shall be due immediately.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special

423

assessments imposed by this Judgment are fully paid.

Defendant's Soc.Sec.Number:          Defendant's mailing address:

   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


DATED: February 6, 1990.


                              BY THE COURT



                              Warren K. Urbom
                              United States District Judge